# In the United States Court of Federal Claims

No. 19-1498C

(Filed: February 24, 2020)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| TOMMY-LEE SHANE AMMON, | ) |
|  | ) |
| *Plaintiff,* | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| *Defendant.* | ) |

## OPINION AND ORDER

On September 26, 2019, Plaintiff, Tommy-Lee Shane Ammon, filed a complaint against Defendant, the United States, in this Court. The complaint is difficult to comprehend. As far as this Court can discern, however, Mr. Ammon's complaint largely echoes the complaint that Mr. Ammon filed with the Court on October 15, 2018, which the Court dismissed as "frivolous" and for want of jurisdiction. *See Ammon v. United States*, 142 Fed. Cl. 210, 221 (2019). Once again, Mr. Ammon primarily asserts, under a pseudo-sovereign citizen theory, that the United States violated the Takings Clause of the Fifth Amendment to the Constitution "by procuring and asserting full proprietorship of [Mr. Ammon's] . . . body, name, and freedom." Compl. at 3. Mr. Ammon claims — without any supporting factual allegations — that the United States purportedly took Mr. Ammon himself "to be traded, taxed and governed without just compensation." *Id.* Mr. Ammon seeks $31,230,000 as relief. *Id.* at 5. For the reasons stated in the government's motion to dismiss and for the additional reasons below, the government's motion is **GRANTED** and Mr. Ammon's complaint is **DISMISSED**.[1]

---

[1] "Dismissals for lack of jurisdiction may be given res judicata effect as to the jurisdictional issue." *Amgen Inc. v. U.S. Int'l Trade Comm'n*, 902 F.2d 1532, 1536 n.5 (Fed. Cir. 1990); *see Am. Sur. Co. v. Baldwin*, 287 U.S. 156, 166 (1932) ("The principles of res judicata apply to questions of jurisdiction as well as to other issues."). In *Ammon*, 142 Fed. Cl. at 220, the Court held that it could not "exercise jurisdiction over [Mr. Ammon's] Takings Clause claim." Although, Mr. Ammon has stripped his associated breach of contract claims from the latest iteration of the complaint, Mr. Ammon's new Takings Clause claim is largely identical to the claim he previously lodged. Accordingly, and in addition to the other reasons explained below, this Court dismisses the complaint pursuant to the doctrine of *res judicata*.

The Court has a responsibility to ensure that it has jurisdiction over any claim presented. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court finds that it lacks subject-matter jurisdiction over Mr. Ammon's claims and, accordingly, dismisses the complaint.

The Tucker Act, 28 U.S.C. § 1491, establishes this Court's jurisdiction and provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

In addition to conferring jurisdiction on the Court, the Tucker Act waives the sovereign immunity of the United States "[f]or actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions[.]" *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004); *see United States v. Mitchell*, 463 U.S. 206, 212-16 (1983). "It is undisputed that the Takings Clause of the Fifth Amendment is a money-mandating source for purposes of Tucker Act jurisdiction." *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). Nonetheless, a plaintiff cannot simply identify a money-mandating source of law to survive a motion to dismiss; a plaintiff must also make "a nonfrivolous allegation that [he] is within the class of plaintiffs entitled to recover under the money-mandating source."[2] *Id.*

Mr. Ammon is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see, e.g.*, *Troutman v. United States*, 51 Fed. Cl. 527, 531 (2002). The Court, however, "may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met.").

The starting point for determining whether this Court has jurisdiction is Mr. Ammon's complaint, which the Court construes liberally. The complaint fails to establish this Court's

---

[2] While the line between a dismissal for lack of subject matter jurisdiction based on the absence of a nonfrivolous allegation that a plaintiff falls within the class of plaintiffs entitled to recover under the money-mandating source and a dismissal for failure to state a claim is thin, the Federal Circuit repeatedly has found that any such error in the classification of the dismissal is harmless. *See Adair v. United States*, 497 F.3d 1244, 1251 (Fed. Cir. 2007); *Brodowy v. United States*, 482 F.3d 1370, 1376 (Fed. Cir. 2007).

"jurisdiction to entertain the suit." *Georgetown Steel Corp. v. United States*, 801 F.2d 1308, 1312 (Fed. Cir. 1986).

Although Mr. Ammon purports to invoke the Takings Clause merely by referencing it, he fails to make "a nonfrivolous allegation that [he falls] within the class of plaintiffs entitled to recover under" the Fifth Amendment. *Jan's Helicopter Serv., Inc.*, 525 F.3d at 1309. "It is axiomatic that only persons with a valid property interest at the time of the taking are entitled to compensation." *Wyatt v. United States*, 271 F.3d 1090, 1096 (Fed. Cir. 2001). Construing the complaint liberally, Mr. Ammon appears to assert that he, himself, as a "sovereign citizen" has been taken by the United States without just compensation due to the imposition of taxes. Mr. Ammon has entirely "failed to assert any cognizable property interest." *Troxelle v. United States*, No. 10-312C, 2010 WL 3982349, at *4 (Fed. Cl. Oct. 6, 2010) (analyzing Takings Claim under a sovereign citizen theory); *see Acceptance Ins. Cos., Inc. v. United States*, 583 F.3d 849, 859 (Fed. Cir. 2009). Nor has Mr. Ammon plausibly alleged that the United States took Mr. Ammon for public use through the imposition of taxes. In short, Mr. Ammon's claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy," let alone one within the jurisdiction of this Court. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Cty of Oneida*, 414 U.S. 661, 666 (1974)).

Consequently, the complaint is hereby **DISMISSED**. Mr. Ammon's motion for default judgment is **DENIED**.

**IT IS SO ORDERED**.

Matthew H. Solomson
Judge